PEOPLE v GRACE

Docket No. 240049. Submitted August 6, 2003, at Detroit. Decided August
    28, 2003, at 9:05 A.M.

James F. Grace was charged in the Wayne Circuit Court with fourth-
    degree criminal sexual conduct. The case was dismissed without
    prejudice before the jury was selected because a primary pros-
    ecution witness was unavailable for the trial. During a second trial,
    the complaining witness and two other supporting witnesses failed
    to return to court at the designated time after a lunch break. The
    trial court, Thomas W. Brookover, J., denied the prosecution's
    motion for an adjournment and, after giving the prosecutor five
    minutes to try to find the witnesses, granted the defendant's motion
    to dismiss with prejudice. The witnesses returned shortly there-
    after, apparently having been delayed by a long line at the court-
    house security checkpoint. The prosecution's motion to reinstate
    the charge was denied, as was a later motion for rehearing. The
    prosecution appealed.

The Court of Appeals *held*:

1. The trial court erred in denying the motion for an adjourn-
    ment. It was an abuse of discretion not to give the prosecutor more
    time to find the witnesses, not to allow the one prosecution wit-
    ness who was present to testify, not to call a recess, or not to grant
    the motion to adjourn.

2. The trial court erred in failing to reinstate the charge against
    the defendant. The retrial of the defendant would not violate
    double jeopardy principles. The dismissal in this matter was effec-
    tively a mistrial. The granting of the defendant's motion to dismiss
    served as the defendant's consent to a mistrial, permitting a retrial
    under double jeopardy principles. The court erred in denying the
    motion to reinstate the charge.

Reversed and remanded for reinstatement of charge.

*Michael A. Cox*, Attorney General, *Thomas L.
Casey*, Solicitor General, *Michael E. Duggan*, Pros-
ecuting Attorney, and *Timothy A. Baughman*, Chief
of Research, Training, and Appeals, for the people.

*Rita F. Young* for the defendant.

Before: DONOFRIO, P.J., and BANDSTRA and O'CONNELL, JJ.

PER CURIAM. The prosecution appeals as of right the dismissal with prejudice of a fourth-degree criminal sexual conduct charge, MCL 750.520e(1)(b), against defendant. The trial court dismissed the case with prejudice after the jury had been sworn but before any testimony had been heard because the complainant and two of the witnesses did not return to court after the lunch break. We reverse and remand for reinstatement of the charge.

This case arose after defendant's first trial was dismissed without prejudice before jury selection because one of the prosecution's primary witnesses was unavailable for trial. During the second trial, the complaining witness and two other supporting witnesses failed to return to court after the lunch break. The prosecutor told the court that she had no witnesses present and later clarified that she had one witness—a police officer—who the prosecutor stated could "testify not to very much." The prosecutor did not call the officer to the stand because she said the defense had objected to the officer's testimony as "out of order" before the complainant testified. The prosecutor then asked for an adjournment, which was denied. After the trial court gave the prosecutor five minutes to inquire regarding the whereabouts of the three missing witnesses and the prosecutor did not locate them, the court granted defendant's motion to dismiss with prejudice. The witnesses returned shortly thereafter; according to the prosecutor, the complainant witness was late because of a long line

at the courthouse security checkpoint. However, the prosecutor's motion to reinstate the charge was denied. The prosecutor's motion for rehearing was heard about two weeks later, and it too was denied.

The prosecution's only issue on appeal is that the trial court erred in not reinstating the charge after dismissing the case with prejudice. The prosecution contends that double jeopardy principles do not preclude retrial in this case. We agree.

I

We consider the first question in this case to be whether the trial court abused its discretion in denying the prosecution's motion for an adjournment. See, e.g., *People v Jackson*, 467 Mich 272, 273; 650 NW2d 665 (2002) (where the trial court denied the prosecution's motion for a continuance brought because a subpoenaed witness failed to appear at trial, the court abused its discretion in dismissing the case without prejudice on the defendant's motion).[1] MCR 2.503(C)(2) explains the standard for good cause for an adjournment in the following instance:

> An adjournment may be granted on the ground of unavailability of a witness or evidence only if the court finds that the evidence is material and that diligent efforts have been made to produce the witness or evidence.

---

[1] We note that in *Jackson, supra,* our Supreme Court did not discuss double jeopardy issues and the case involved only one trial. We also note that a continuance and an adjournment are essentially the same procedural mechanism. See MCR 2.503, staff comment (the term "continuance" was uniformly replaced by the term "adjournment"); Black's Law Dictionary (7th ed) (the definitions of adjournment and continuance are almost identical).

See also *Jackson, supra* at 276-277.

The trial court explained its reasons in denying the prosecution's request for an adjournment in this case by emphasizing that the prosecution had no significant witnesses to present in court and that seventeen minutes had passed since the witnesses were supposed to arrive, although the court noted that the length of the delay did not matter. The court also indicated that the prosecutor had left the courtroom twice to attempt to locate the witnesses.

We hold that the trial court abused its discretion in denying the motion for an adjournment. This was a case involving fourth-degree criminal sexual conduct; it " 'promote[s] the cause of justice' " to grant an adjournment in this case. *Id.* at 276, quoting MCR 2.503(D)(1). The trial court erroneously stated that the prosecutor did not ask for more time to locate the witnesses. Actually, the transcript shows that the prosecutor did make the request along with a motion to adjourn. The trial court also erroneously stated that the prosecutor did not have any witnesses to call. Rather, the transcript shows that the prosecutor did tell the court before moving for an adjournment that she had a police officer present to call, although the prosecutor indicated that the officer was not a primary witness in the case and the prosecutor did not in fact call the officer. Further, the court denied the motion for an adjournment and dismissed the case after a mere seventeen-minute wait for the witnesses. The testimony of the missing witnesses was material and the prosecutor had duly attempted to locate them, factors that permit an adjournment. See MCR 2.503(C)(2). The trial court "had no reason to

expect that [the witnesses'] cooperation would not continue." *Jackson, supra* at 279.

Moreover, the witnesses arrived shortly after the dismissal was granted, and the prosecutor stated that the witnesses were delayed by a long line at the security checkpoint in the courthouse. However, the court refused to reinstate the charge. Under these circumstances, we hold that it was an abuse of discretion for the trial court not to give the prosecutor more time to find her witnesses, not to allow the one prosecution witness present to testify, not to call a recess, or not to grant the motion to adjourn. See *id.* at 276.

II

The next question is whether the trial court erred in denying the prosecution's request to reinstate the charge following dismissal of the case. Whether the charge can be properly reinstated against defendant raises a double jeopardy question. See *People v Herron*, 464 Mich 593, 599; 628 NW2d 528 (2001). We hold that the trial court erred in failing to reinstate the charge against defendant. The retrial of defendant in this case would not violate double jeopardy principles.

Generally, a double jeopardy claim presents a question of law that is reviewed de novo. *Herron, supra.* Under the Double Jeopardy Clause of the Michigan Constitution and United States Constitution, an accused may not be put in jeopardy twice for the same offense. Const 1963, art 1, § 15; US Const, Am V; *People v Lett*, 466 Mich 206, 213; 644 NW2d 743 (2002) (holding that manifest necessity existed to

declare a mistrial, allowing retrial without violating double jeopardy). "The Double Jeopardy Clause of the Fifth Amendment protects against two general governmental abuses: (1) multiple *prosecutions* for the same offense after an acquittal or conviction; and (2) multiple *punishments* for the same offense."[2] *Herron, supra* at 599.

Jeopardy attaches when a jury is selected and sworn and the Double Jeopardy Clause therefore protects a defendant's interest in avoiding multiple prosecutions even when no prior determination of guilt or innocence has been made. *Lett, supra* at 215.[3] "However, the general rule permitting the prosecution only one opportunity to obtain a conviction must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments." *Id.* (internal quotation omitted); see also *People v Anderson,* 409 Mich 474, 485; 295 NW2d 482 (1980). If a trial is concluded prematurely, "a retrial for that offense is prohibited *unless the defendant consented* to the interruption or a mistrial was declared because of a manifest necessity." *People v Mehall,* 454 Mich 1, 4; 557 NW2d 110 (1997) (emphasis added); see also *People v Echavarria,* 233 Mich App 356, 365; 592 NW2d 737 (1999) (the defendant's consent to a mistrial does not bar a retrial under double jeopardy principles).

The trial court's dismissal of this case during the trial was effectively a mistrial. While the trial court in the present case did not expressly use the term "mistrial," the law treats the discharge of a jury and dis-

---

[2] The present case only involves the first type of double jeopardy—multiple prosecutions.

[3] Because the jury was not yet selected in defendant's first trial before the case was dismissed, jeopardy did not "attach" during the first trial.

missal of the case during trial as the declaration of a mistrial. See Black's Law Dictionary (7th ed) (The definition of a "mistrial" is: "1. A trial that the judge brings to an end, without a determination on the merits . . . ."); see also, e.g., *People v Holtzman*, 234 Mich App 166, 193; 593 NW2d 617 (1999) (the trial court's grant of the defendant's motion to dismiss with prejudice is referred to as a mistrial).

A mistrial does not always bar a retrial, and a retrial is permitted for reasons including manifest necessity and the defendant's consent to the mistrial.[4] See *Lett, supra* at 215 (noting the public's interest in fair trials designed to end in just judgments), 222 n 15; see also *Mehall, supra.* A retrial is permissible because mistrials are usually granted on procedural grounds, not on the merits. If a trial ends in a determination on the merits—for example, by the grant of a directed verdict or following a conviction or acquittal—a retrial is not permitted. See *Herron, supra* at 599 ("Double Jeopardy . . . protects against . . . multiple prosecutions for the same offense after an acquittal or conviction . . . .") (emphasis omitted). In this case, there has not yet been an acquittal, conviction, or other determination on the merits.

Here, defendant sought and obtained a dismissal, which is effectively the same as consenting to a mistrial.[5] See Black's Law Dictionary (7th ed); *Holtzman, supra.* A defendant may not request a dismissal of the

---

[4] The issue of manifest necessity to declare a mistrial is not relevant in this case. See *Lett, supra* at 212-213, 215-216.

[5] Defendant's affirmative action in moving for dismissal is "consent" to the dismissal. Cf. *People v Carines*, 460 Mich 750, 763 n 7; 597 NW2d 130 (1999) (defining "waiver" and "forfeiture" as "the intentional relinquishment or abandonment of a known right" and "the failure to make the timely assertion of a right," respectively) (quotation omitted).

case on a ground other than the merits of the case and then argue that the result is error. See *United States v Scott*, 437 US 82, 98-99; 98 S Ct 2187; 57 L Ed 2d 65 (1978) (appeal from a Michigan federal court order). As a result, defendant's granted motion to dismiss served as defendant's consent to a mistrial, permitting a retrial under double jeopardy principles. See *Echavarria, supra*; see also *Lett, supra* at 222 n 15 (noting without deciding that there is some support for finding implied consent to the discharge of the jury in cases where the defendant forfeits objection, making it unnecessary to determine whether the declaration of a mistrial was supported by manifest necessity). Therefore, because defendant consented to the mistrial by explicitly moving for it, the trial court erred in denying the prosecution's request to reinstate the charge following dismissal of the case. See also *Commonwealth v Adams*, 349 Pa Super 200; 502 A2d 1345 (1986) (on reconsideration the trial court properly reinstated the charges against the defendant where the charges had been dismissed on the defendant's motion after the jury was empaneled).[6]

---

[6] Although we are wary of allowing the prosecution to reinstate the charge against defendant for a third time, the sheer number of prosecutions is of no consequence to the double jeopardy doctrine. For example, in *People v Sierb*, 456 Mich 519, 533-534; 581 NW2d 219 (1998), our Supreme Court held that a trial against the defendant could commence for a *third* time without violating state or federal due process guarantees. In that case, the jury had deadlocked twice, resulting in mistrials, before the third institution of charges against the defendant. *Id.* at 521. Moreover, as we previously stated above in footnote 2, jeopardy did not attach during defendant's first trial because the jury had not yet been selected and sworn before the case was dismissed without prejudice. Thus, the present case is not one of "triple jeopardy." Rather, the present defendant's trial involving the witnesses who were delayed during the lunch break and the

III

The trial court's orders denying the adjournment and denying the prosecution's motion to reinstate the charge are reversed, and this case is remanded for reinstatement of the charge against defendant. We do not retain jurisdiction.

---

future trial are all that are at issue for purposes of our double jeopardy analysis.