# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

　　　　Plaintiff-Appellee,

v

ROGER DEAN STEIN,

　　　　Defendant-Appellant.

UNPUBLISHED
February 3, 2015

No. 314482
Jackson Circuit Court
LC No. 12-004616-FC

---

Before: MURPHY, P.J., and METER and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of first-degree murder, MCL 750.316; felon in possession of a firearm, MCL 750.224f; and possession of a firearm during the commission of a felony (felony firearm), MCL 750.227b. Defendant was sentenced to life imprisonment without the possibility of parole for his first-degree murder conviction, 43 to 120 months' imprisonment for his felon in possession of a firearm conviction, and two years' imprisonment for his felony firearm conviction. We affirm.

Defendant first argues that the trial court erred by refusing to grant a continuance of the trial so he could produce a witness. Because defendant did not properly move the trial court for a continuance or an adjournment, MCR 2.503(B)(1), this issue is unpreserved, *People v Snider*, 239 Mich App 393, 421; 608 NW2d 502 (2000). Our review is thus limited to plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

For a defendant to invoke the trial court's discretion to grant a continuance, the defendant must show good cause and due diligence. *People v Coy*, 258 Mich App 1, 18; 669 NW2d 831 (2003); MCR 2.503(B)(1) (indicating that a motion for a continuance must be based on good cause).[1] When the basis for the motion is the unavailability of a witness or evidence, MCR 2.503(C) governs. *People v Jackson*, 467 Mich 272, 276; 650 NW2d 665 (2002). The standard

---

[1] The rules of civil procedure are applicable in criminal cases unless an otherwise applicable statute or rule of criminal procedure exists. *People v Walters*, 266 Mich App 341, 346-347; 700 NW2d 424 (2005).

for showing "good cause" under these circumstances, found in MCR 2.503(C)(2), indicates that a trial court may grant an adjournment "on the ground of unavailability of a witness or evidence *only if* the court finds that the evidence is material and that diligent efforts have been made to produce the witness or evidence." MCR 2.503(C)(2); *People v Grace*, 258 Mich App 274, 276; 671 NW2d 554 (2003). In addition, defendant is only entitled to reversal on appeal if he can demonstrate prejudice resulting from the trial court's failure to adjourn. *Coy*, 258 Mich App at 18-19.

The record indicates that defendant duly attempted to procure the missing detective's testimony. In fact, the trial court indicated that the detective could testify by telephone, but defendant insisted that he wanted the detective physically present. When informed that the trial court would allow the testimony only by phone, defense counsel advised defendant of the ruling, stating, "We either—either do that or we proceed without him. You can raise it on appeal." Defendant thereafter stated, "Yeah, I'll just raise it on appeal." Defendant, then, when presented with the opportunity to have the witness's testimony provided to the jury, waived presentation of the same.

Defendant also failed to meet his burden to show that the testimony he would have presented through the detective was material. MCR 2.503(C)(2). "Materiality" of evidence refers to whether the evidence was of consequence to the determination of the action. *People v Mills*, 450 Mich 61, 67; 537 NW2d 909 (1995), modified 450 Mich 1212 (1995). Based on counsel's offer of proof of what he expected to elicit from the detective, it appears that the detective could not provide any evidence apart from testimony the jury already heard from another detective. Moreover, defendant fails to show that he was prejudiced by the trial court's failure to adjourn. *Coy*, 258 Mich App at 18-19. Defendant has not shown that anything other than cumulative testimony would have been introduced through the detective's testimony. Therefore, the trial court did not commit plain error affecting defendant's substantial rights when it failed to adjourn trial. *Carines*, 460 Mich at 763.

Defendant next argues that his counsel was ineffective for opening the door to prejudicial testimony about his previous prison sentence and violent behavior. Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). A trial court's findings of fact, if any, are reviewed for clear error, and questions of law are reviewed de novo. *Id.*

For a claim of ineffective assistance of counsel, a defendant bears a heavy burden to establish that (1) counsel's performance fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of the defendant's trial would have been different. *People v Swain*, 288 Mich App 609, 643; 794 NW2d 92 (2010). Counsel's performance should be evaluated from his or her perspective at the time of the alleged error, *People v Grant*, 470 Mich 477, 487; 684 NW2d 686 (2004), and a defendant must overcome a strong presumption that counsel's performance was sound trial strategy, *People v Toma*, 462 Mich 281, 302; 613 NW2d 694 (2000).

Counsel's performance in this case did not fall below an objective standard of reasonableness. *Swain*, 288 Mich App at 643. Although counsel opened the door to testimony regarding defendant's propensity for violence, the evidentiary hearing record indicates that

defendant directed counsel to ask the witness about defendant's character. If a defendant knowingly directs a particular strategy, an otherwise constitutionally ineffective strategy should not be grounds for relief. *Keith v Mitchell*, 455 F3d 662, 672 (CA 6, 2006).[2] Therefore, because defendant directed this line of questioning, counsel was not ineffective. Regardless, defendant also failed to establish a reasonable probability that, but for counsel's error, the outcome of his trial would have been different. *Swain*, 288 Mich App at 643. In response to the prosecutor's question of whether the witness knew defendant to have gotten in trouble for being a violent person, the testimony that defendant had been to prison was brief and only minimally prejudicial, particularly where defendant stipulated at trial that he was a convicted felon. Consequently, defendant cannot show counsel was ineffective for opening the door to this testimony.

Finally, defendant argues that his counsel was ineffective for failing to investigate and offer his alibi defense that he was in Detroit for a fireworks show at the time of the shooting. Counsel has a duty to reasonably investigate or make reasonable decisions that make certain investigations unnecessary. *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012) (citation and quotation omitted). The evidentiary hearing record establishes that counsel reasonably investigated every alibi witness who defendant actually presented to him, but none could provide an alibi. Counsel, as a result, proceeded with a different trial strategy. Whether to call or question a witness is presumed to be a matter of trial strategy. *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). Defendant has not shown otherwise in this case. Furthermore, no alibi witness testified at the evidentiary hearing about defendant being in Detroit. Because no evidence was presented that an alibi witness would have testified favorably to defendant at trial, defendant has also not shown that he was prejudiced by counsel's performance. See *People v Pickens*, 446 Mich 298, 327; 521 NW2d 797 (1994). Accordingly, counsel was not ineffective.

Affirmed.

/s/ William B. Murphy
/s/ Patrick M. Meter
/s/ Deborah A. Servitto

---

[2] Lower federal court decisions are not binding on state courts, but may be persuasive. *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004).