# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARVIN KEITH BANBURY,

        Defendant-Appellant.

UNPUBLISHED
March 17, 2015

No. 319058
Wayne Circuit Court
LC No. 13-006785-FH

Before: GLEICHER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of operating while intoxicated, third offense, MCL 257.625(1), and operating with a suspended license, second offense, MCL 257.904(1). Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to 46 months to 15 years' imprisonment for his operating while intoxicated conviction, and to one year imprisonment for his operating with a suspended license conviction. We reverse and remand for a new trial.

Defendant argues that the trial court plainly erred and committed reversible error when it administered the incorrect jury oath prior to trial. We agree.

"For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Metamora Water Serv*, 276 Mich App 376, 382; 741 NW2d 61 (2007). Defendant failed to raise the issue of an improper jury oath at trial. Thus, the issue is unpreserved. This Court reviews unpreserved issues for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). In order for defendant to establish plain error, he must show that (1) an error occurred, (2) the error was plain, (3) and the plain error affected substantial rights. *Id*. To show that an error affected substantial rights, a defendant must have been prejudiced. *Id*. Prejudice occurs when the "error affected the outcome of the lower court proceedings." *Id*. Reversal is warranted only if the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Id*.

Defendant contends that the trial court erred when administering the oath to the jury before trial because the court did not administer the oath in the form as defined in MCL 768.14 and MCR 2.511(H)(1). MCL 768.14 provides:

-1-

The following oath shall be administered to the jurors for the trial of all criminal cases: "You shall well and truly try, and true deliverance make, between the people of this state and the prisoner at bar, whom you shall have in charge, according to the evidence and the laws of this state; so help you God."

Pursuant to MCR 6.412(A), MCR 2.511 governs the procedure for impaneling the jury. MCR 2.511(H)(1) provides:

The jury must be sworn by the clerk substantially as follows:

"Each of you do solemnly swear (or affirm) that, in this action now before the court, you will justly decide the questions submitted to you, that, unless you are discharged by the court from further deliberation, you will render a true verdict, and that you will render your verdict only on the evidence introduced and in accordance with the instructions of the court, so help you God."

This Court has "opined that the oath that must be administered at the beginning of trial pursuant to statute and court rule protects the fundamental right to a trial by a fair and impartial jury." *People v Allan*, 299 Mich App 205, 211; 829 NW2d 319 (2013), citing *People v Pribble*, 72 Mich App 219, 224-225; 249 NW2d 363 (1976).[1]

Before jury selection, the trial court's clerk administered the following oath to the jury:

*THE CLERK*: You do solemnly swear or affirm that you will truthfully answer questions asked of you to determine if you are qualified to serve as for the jury in the case now pending before this court.

Before trial, the trial court's clerk administered the following oath:

*THE CLERK:* Do you solemnly swear or affirm that you will truthfully and completely answer all questions about your qualifications to serve as jurors in this case, whom you shall have in charge according to the evidence and the laws of this state, so help you God?

*JURY PANEL:* I do.

The oath administered did not require the jurors to swear or affirm that they would justly decide the questions submitted to them or render a true verdict based on the evidence introduced

---

[1] We note that MCR 2.511 and MCL 768.14 conflict regarding the requirements for administering the oath to the jury. Because the administration of the jury oath is a procedural matter, the court rule governs over the statute. *Allan*, 299 Mich App at 211; *People v Conat*, 238 Mich App 134, 162; 605 NW2d 49 (1999). However, in this case, the conflict between the court rule and statute is not at issue, as it appears the trial court followed neither the court rule or the statute.

and in accordance with the instruction of the court. Thus, the oath administered to the jury panel did not substantially follow the oath prescribed in MCR 2.511(H)(1). Further, the oath also did not comply with MCL 768.14. Therefore, plain error occurred. See *Carines*, 460 Mich at 763.

In *Allan*, 299 Mich App 205, the trial court did not administer the oath to the jury pursuant to the court rule or statute. *Id*. at 208, 211. The *Allan* Court held that a trial court's failure to administer the jury oath was a structural error that affected the outcome of the trial, and, thus, defendant's substantial rights. *Id*. at 218. The Court further held that the failure to administer the oath to the jury seriously affected the fairness, integrity, and public reputation of the proceedings. *Id.* Accordingly, the *Allan* Court concluded that the proper remedy was reversal of the defendant's convictions and remanded the case for a new trial. *Id*. at 219. Retrial was permitted because the jury was not properly sworn and jeopardy did not attach. *Id*., citing *People v Grace*, 258 Mich App 274, 279; 671 NW2d 554 (2003).

Here, the trial court failed to properly administer the jury oath pursuant to the court rule or statute, which affected defendant's substantial right to be tried by an impartial jury. See *Allan*, 299 Mich App at 218. Additionally, the failure to administer the oath to the jury seriously affected the fairness, integrity, and public reputation of the proceedings. See *Id*. Accordingly, we reverse defendant's convictions and remand for a new trial. Retrial is permitted as the jury was not properly sworn and jeopardy did not attach. *Id*. at 219, citing *Grace*, 258 Mich App at 279.[2]

Reversed and remanded for a new trial. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood

---

[2] We note that the issue of whether "the failure to properly swear the jury, even in the absence of a timely objection, is a structural error requiring a new trial[,]" is currently pending before our Supreme Court. *People v Cain*, 497 Mich 861; 852 NW2d 898 (2014). However, this Court is bound by the decision in *Allan*, and a Supreme Court order granting leave to appeal does not diminish the precedential effect of a published opinion of the Court of Appeals. MCR 7.215(C)(2).