·ALEXANDER McMILLAN AND HENRY McMORRAN v. ASA
.LARNED.

*Witnesses—Reasonable effort to secure their attendance—Replevin—
Plaintiff's control of writ—Suit may begin before actual delivery
of writ for execution.*

The "reasonable time" before trial within which an effort should be
made to serve a subpœna for a subscribing witness depends
largely on the latter's abiding place at the time.

An appellate court will not be disposed to review evidence to show
what effort was made to secure the attendance of a subscribing
witness, if they were diligent and satisfactory to the trial court.

Whether a bill of sale was meant merely as a security is a question
for the jury under proper instructions.

If a sale is merely conditional and by way of security, the vendor
retains an interest subject to levy and sale.

Plaintiff in replevin has full control of the writ after taking it out,
and may even recall it after delivering it to an officer for exe-
cution.

A replevin suit begins as soon as a writ taken out in good faith and
sworn to is ready for execution, and the entry fee is paid; and
any reasonable delay before delivering it to an officer for execu-
tion does not postpone the date of beginning suit.

An execution creditor on whose premises the property seized has
been stored, is properly made a defendant in an action of
replevin against the officer levying execution.

Error to St. Clair. Submitted July 2. Decided Oct. 8.

REPLEVIN by. Larned for' a span of horses which he
claimed to have bought of William Robinson and which
McMillan, as deputy sheriff, levied on under execution in
favor of McMorran against Robinson, and later in the
same day under another execution against both Robinson
and Larned. No proof was given of the signature of
Barry, a subscribing witness to the bill of sale from Rob-
inson to Larned, but there was evidence tending to show
a want of diligence on the part of plaintiff's attorney in
taking out and serving a subpœna to secure his attend-
ance. Plaintiff recovered and defendants bring error.

41 MICH.—66.

*O'B. J. Atkinson* and *E. G. Stevenson* for plaintiffs in error. A leviable interest remains in one who has given a bill of sale of property merely as security, *Cary v. Hewitt*, 26 Mich., 228; *Nelson v. Ferris*, 30 Mich., 497; a suit in replevin does not begin until the writ is actually delivered to an officer for execution or sent to the sheriff with a *bona fide* intention of having it served, *Visscher v. Gansevoort*, 18 Johns., 495; *Ross v. Luther*, 4 Cow., 160; *Clark v. Helms*, 1 Root (Conn.), 487; *Jencks v. Phelps*, 4 Conn., 149; *Spalding v. Butts*, 6 Conn., 30; *Downer v. Garland*, 21 Vt., 362; *Gates v. Bushnell*, 9 Conn., 530.

*Stevens & Thomas* for defendant in error. Issue of a writ of replevin is the beginning of suit wherever time is material, *Lowry v. Lawrence*, 1 Cai., 71; *Boyce v. Morgan*, 3 Cai., 133; *Bird v. Cavitat*, 2 Johns., 342; *Bronson v. Earl*, 17 Johns., 63; *Burdick v. Green*, 18 Johns., 14; *Hogan v. Cuyler*, 8 Cow., 203; *Ford v. Phillips*, 1 Pick., 202; *Bunker v. Shed*, 8 Met., 150; *Johnson v. Farwell*, 7 Greenl., 370; *Feazle v. Simpson*, 1 Scam., 30.

MARSTON, J. We are of opinion that no proper effort was made to procure the attendance of Barry, the subscribing witness to the bill of sale of the property in controversy, nor was there satisfactory evidence given even to show that at the time of the trial he was beyond the jurisdiction of the court. The subpœna should have been taken out and an effort made to serve it at least a reasonable time before the trial. 1 Green's Pr., 252. What would be a reasonable time must depend very much upon the place of residence or then abiding place of the witness. There must also be search or an effort made to find the witness and serve the subpœna; this must be a "strict, diligent, and honest inquiry and search, satisfactory to the court, under the circumstances of the case." 1 Greenleaf's Ev., § 574. No such search or diligence was shown in this case.

This question cannot well arise again upon a new

trial.   Where the evidence has a fair tendency to show that proper effort was made, and has been considered satisfactory by the trial court, we should not feel. disposed to review it.

There was evidence introduced tending to show that the bill of sale was given as a mere security in the nature of a mortgage.   Whether such was the fact or not, should have been submitted to the jury under proper instructions.   Defendant in error, who was plaintiff below, claimed title to the property under this bill of sale from the execution debtor.   If the sale was a conditional one by way of security, an interest still remained in the judgment debtor which could be levied upon and sold.

The plaintiff below claimed to have purchased the property in question on the 23d day of January from one Robinson.   On the 31st of the same month, McMillan, a deputy sheriff, levied upon the property by virtue of an execution in favor of McMorran and against Robinson.   The property was by McMorran's directions taken by the officer and placed in McMorran's barn. This levy was made about eleven o'clock in the forenoon.   In the afternoon of the same day, about four o'clock, a second execution was placed in the officer's hands in favor of other parties, and against the plaintiff in this case, Larned, and Robinson.

This execution was satisfied on February 2d by Larned's paying the same.   On the afternoon of January 31st, some time between two and three o'clock, the writ of replevin was issued, with the statutory affidavit attached thereto, and the entry fee paid, and was delivered to the sheriff about noon of February 1st.

Under this state of facts it was claimed by the defendants that the replevin suit was not commenced until the writ was delivered to the officer to be executed, and that when so delivered McMillan was detaining the property by virtue of the execution against Larned and Robinson; therefore even although the property was

Larned's, and the levy on the first execution against Robinson not good, yet that McMillan's detention under the second execution was good and could not be held unlawful, and that a payment of this execution thereafter would not avail the plaintiff.

It is true that the plaintiff in an action after taking out a writ has full control of the same and need not deliver it to an officer for execution, or may withhold it an unreasonable length of time, or recall it after once delivering it to the officer.

Where a writ of replevin has in good faith been taken out, the affidavit required by the statute annexed thereto, and the entry fee paid, and it is afterwards within a reasonable time delivered to an officer for execution,—in such a case the suit must be deemed to have been commenced when the writ was in proper form ready to be executed, and when nothing farther remains to be done but hand it to the sheriff. All the statutory requirements had been complied with and the records of the court showed that such a writ had been issued as commencement of suit. What the effect of an unreasonable delay in delivering the writ to the sheriff might be we need not pass upon in this case as no such delay was shown.

It might occur in many cases that the plaintiff although acting in entire good faith would be unable to find an officer to execute his writ upon first taking it out, and in the meantime, the parties who were wrongfully detaining the property, ascertaining that a writ had been issued and that the plaintiff was in search of an officer to execute it, would deliver up the property, or take it as in this case under another execution, and thus put the plaintiff to costs or defeat him in his action.

How the second levy by the officer under the execution against Larned and Robinson would have affected the replevin case had that claim not been paid, we do not pass upon. That levy was not made at the time the replevin suit was commenced, and the amount called

for by the execution was paid before the property was taken on the writ of replevin. That levy therefore was of no importance in the case.

It was also claimed that McMorran should not have been made a party defendant, as the property was not in his custody but merely placed in his barn for convenience.

McMorran was the plaintiff in the judgment upon which the execution was issued. The levy was made and the property taken and put in his barn under his direction. He was, we think, under such circumstances properly made a party.

For the errors pointed out the judgment must be reversed and a new trial ordered, costs to plaintiff in error.

The other Justices concurred.