Lansing, Michigan 48909

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED SEPTEMBER 17, 2002**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                               No. 120300

WALTER JACKSON, JR.,

    Defendant-Appellee.

_____

PER CURIAM

    This case presents the question whether the trial court properly denied the prosecutor's request for a continuance where a subpoenaed witness failed to appear on the date set for trial. We hold that the trial court abused its discretion in denying a continuance in the circumstances presented in this case. We thus reverse the judgments of the Court of Appeals and the trial court and remand the case to the trial court for further proceedings consistent with this opinion.

## I. Factual background and procedural posture

Defendant was charged with two counts of armed robbery, MCL 750.529, and one count of possession of a firearm during the commission of a felony, MCL 750.227b.[1] A key prosecution witness, Myron Dawson, failed to appear on the date set for trial.[2] When the police telephoned Dawson's home, his mother stated that Dawson had gone to Ohio two weeks earlier and that she had not heard from him since then. The prosecution thereafter moved to admit Dawson's preliminary examination testimony under MRE 804(a)(5), (b)(1).[3] Defendant opposed the

---

[1] The prosecution also notified defendant that he was subject to an enhanced sentence as an habitual offender. MCL 769.11.

[2] At the preliminary examination, Dawson testified that he was present when the robbery occurred and had clearly seen the defendant.

[3] MRE 804(a) provides in relevant part:

"Unavailability as a witness" includes situations in which the declarant—

* * *

(5) is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . . . by process or other reasonable means, and in a criminal case, due diligence is shown.

MRE 804(b) provides in relevant part:

The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

2

motion.

In connection with this motion, the court conducted a hearing on whether the prosecution had exercised "due diligence" in attempting to produce Dawson for trial. Undisputed testimony reflected that Dawson had previously cooperated with the prosecution by voluntarily furnishing a statement to the police and testifying at defendant's preliminary examination. The police had served a subpoena on Dawson one month before trial, and Dawson had given no indication that he would not appear. The officer who served the subpoena testified that Dawson was "somewhat scared," but that he accepted and signed for the subpoena and understood his duty to appear.

The trial court found that Dawson's failure to appear on the date set for trial had caught the prosecution by surprise and that, although Dawson had been somewhat scared when the subpoena was served, he was no more nervous than other witnesses. Despite these findings, the court found that the prosecution had *not* exercised due diligence because it had

_____

(1) *Former Testimony*. Testimony given as a witness at another hearing of the same or a different proceeding, if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

3

made no efforts to produce Dawson apart from serving the subpoena. The court stated that in lieu of admitting the preliminary examination testimony, it would give the prosecution an opportunity to search for Dawson and would issue a bench warrant for Dawson's arrest.

In response to this prompting, the prosecution moved for a continuance. Defendant opposed a continuance and moved to dismiss. The court then asked the prosecution to state the length of the continuance requested. An exchange followed:

> *Mr. McCreedy* [*Assistant Prosecutor*]: I would request a continuance of two weeks.
>
> Of course, if the case is dismissed without prejudice then that introduces an even longer delays [sic] than would be to continued [sic], because then we would have to start out, go back and re-arrest him and have a new opportunity for preliminary exam and bind over, arraignment, pre-trail [sic] etcetera so.
>
> *The Court*: But presumably, if you find a new witness, and you schedule a preliminary exam, then to [sic] afford the defense attorney the opportunity to question him. Now, that issue should be dissolved [sic] should it have to come up again. So then if you lose the witness the second time around, you would have an opportunity to develop more fully a record; am I correct?
>
> *Mr. McCreedy*: Well, your Honor, I mean our position would be that once this witness is located, I mean, we are going to be asking for a bench warrant today, we ask that he be held on that warrant. I don't think that losing him would be an issue after he has been served and failed to appear knowing that the trial would absolutely be held.

4

Following a side-bar discussion with the attorneys, the court stated:

> Even if the court were to afford a continuance, we don't know exactly how long we would need in order to bring this matter back before the Court. I don't know of any reason based in law or in fact, why this matter should be continued when the witness has failed to appear. I am going to dismiss the matter without prejudice as to [defendant].

The prosecution filed a claim of appeal. The Court of Appeals affirmed,[4] opining that the prosecutor had not made a diligent effort to produce Dawson. The Court of Appeals further stated that the trial "court apparently did not envision [the search for Dawson] taking two weeks and the prosecutor did not request a shorter adjournment in the alternative. Therefore, under the facts of this case, we cannot find that the court abused its discretion."

The prosecution has filed an application for leave to appeal to this Court.

## II. Standard of review

A trial court's decision whether to grant a continuance is reviewed for an abuse of discretion. MCR 2.503(D)(1) ("*In its discretion* the court may grant an adjournment to promote

---

[4] Unpublished memorandum opinion, issued October 9, 2001 (Docket No. 230421).

5

the cause of justice") (emphasis supplied); *People v Williams*, 386 Mich 565; 194 NW2d 337 (1972); *People v Hoaglin*, 262 Mich 162; 247 NW 141 (1933).

### III. Analysis

A motion or stipulation for a continuance must be based on good cause.  MCR 2.503(B)(1).  MCR 2.503(C) governs the granting of adjournments[5] on the basis of the unavailability of a witness or evidence:

> (C) Absence of Witness or Evidence.
>
> (1) A motion to adjourn a proceeding because of the unavailability of a witness or evidence must be made as soon as possible after ascertaining the facts.
>
> (2) An adjournment may be granted on the ground of unavailability of a witness or evidence only if the court finds that the evidence is material and that *diligent efforts have been made to produce the witness or evidence*.
>
> (3) If the testimony or the evidence would be admissible in the proceeding, and the adverse party stipulates in writing or on the record that it is to be considered as actually given in the proceeding, there may be no adjournment unless the court deems an adjournment necessary. [Emphasis supplied.]

The trial court did not articulate clearly the basis for

---

[5] Although our court rule uses the term "adjournment," the case law on this subject generally uses the word "continuance."  We use the terms interchangeably in this opinion.

its decision to deny a continuance. It did not discuss the requirements of the court rule or explain precisely how the prosecution had failed to satisfy those requirements. Despite these failings, the court did make statements during the proceedings that we presume formed the basis for its decision. The court's apparent reasoning, however, was "so palpably and grossly violative of fact and logic," *Spalding v Spalding*, 355 Mich 382, 384; 94 NW2d 810 (1959), that we conclude it abused its discretion.

The court suggested that a dismissal without prejudice would allow *another* preliminary examination to be held and thus permit the defense to cross-examine Dawson in the event that he failed *again* to appear for trial. This reasoning is illogical. A preliminary examination had *already* been held, and the defense had *already* cross-examined Dawson at that proceeding. Under the prosecution's approach, once Dawson was apprehended, his testimony could have been obtained at trial without a need to ensure his presence at further proceedings. Under the trial court's approach, however, *two* additional proceedings requiring Dawson's testimony would be needed, i.e., *another* preliminary examination and then a trial.

The Court of Appeals articulated another possible basis for the trial court's decision. It stated that the trial

7

court "did not envision [the effort to produce Dawson] taking two weeks and the prosecutor did not request a shorter adjournment in the alternative." The prosecution's failure to request a shorter adjournment, however, was not a valid reason to deny a continuance altogether in this case. The trial court denied the motion for a continuance without explaining how or why the prosecution's estimate of the time needed was unacceptable. The prosecution had no opportunity to suggest a different length of time.

The trial court also suggested that the prosecution failed to make "diligent efforts" to produce Dawson, as required by MCR 2.503(C)(2).[6] Denial of a continuance is appropriate where a party fails to demonstrate diligent efforts to serve a subpoena. See *McMillan v Larned*, 41 Mich 521, 522; 2 NW 662 (1879) ("There must also be search or an effort made to find the witness and serve the subpoena"); *People v Burby*, 218 Mich 46; 187 NW 359 (1922); *Hoaglin*, *supra*

---

[6] The court discussed "due diligence" primarily in the context of the prosecution's request to introduce Dawson's preliminary examination testimony. The court suggested at one point, however, that the request for a continuance would reopen the due diligence inquiry. Given the muddled state of the record and the court's failure to clearly articulate its reasoning in ruling on the various motions, we conclude that the court impliedly found a lack of "diligent efforts" when it denied the request for a continuance.

at 168 ("The affidavit annexed to the motion [for a continuance] did not show what efforts had been made to locate the witness . . .").

The police here successfully served the subpoena. Dawson had previously cooperated with the police and prosecution, and they had no reason to expect that his cooperation would not continue. We do not know what further efforts the court could have expected of the prosecution or police in these circumstances. We do not require the prosecutor to assume that every witness is a flight risk who must be monitored to ensure his attendance at trial.

Accordingly, we hold that the trial court abused its discretion in denying the request for a continuance.[7] We reverse the judgments of the trial court and the Court of Appeals and remand the case to the trial court for further

_____

[7] The prosecutor represents that certain judges of the Wayne Circuit Court Criminal Division regularly dismiss cases on the date of trial because of the failure of subpoenaed witnesses to appear, rather than granting a continuance and issuing a bench warrant or permitting introduction of the witness' preliminary examination testimony. We do not know whether docket-management considerations motivated the denial of a continuance in this case. We take this opportunity to remind the bench, however, that MCR 2.503 governs the decision whether to grant a continuance, and that "the desire of the trial courts to expedite court dockets is not a sufficient reason to deny an otherwise proper request for a continuance." *Williams, supra* at 577.

proceedings consistent with this opinion.[8]

CORRIGAN, C.J., and WEAVER, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.

CAVANAGH and KELLY, JJ., would not dispose of this case by an opinion per curiam, but would deny leave to appeal.

---

[8] The trial court did not expressly rule on the prosecutor's motion to admit Dawson's preliminary examination testimony. The prosecution is free, if necessary, to renew that motion on remand. The record does not reflect whether Dawson has been located.