# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

RALENA CYNTHIA NIXON,

        Defendant-Appellee.

UNPUBLISHED
July 17, 2018

No. 339397
Wayne Circuit Court
LC No. 16-010367-01-FH

Before: O'BRIEN, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

The prosecution appeals as of right the trial court's order dismissing the charges of assault with a dangerous weapon, MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b entered following the trial court's denial of the prosecution's motion for an adjournment. We reverse and remand for reinstatement of the charges against defendant.

This case arises out of an alleged assault committed against the complainant. On June 28, 2017, the date scheduled for trial, the complainant was in inpatient rehabilitation following a severe leg injury. The prosecution had previously filed an emergency motion for an adjournment, and provided a letter from Joseph Ermiger (Ermiger), the administrator of Heartland Health Care Center (Heartland), where complainant was receiving inpatient treatment. The letter stated that the complainant was scheduled to be discharged from the facility in approximately three weeks. At the hearing regarding the prosecution's motion for an adjournment, the trial court determined that the letter was insufficient to show that the complainant was unavailable because it did not explicitly state that she could not leave Heartland to appear in court.

Prior to the start of the jury trial, the prosecution renewed its motion for an adjournment, and argued that the complainant was unavailable because she was in inpatient treatment. The prosecution produced a letter from the complainant's treating physician, Dr. Mohamad Rahbar, which also indicated that the complainant would be in inpatient treatment for approximately three weeks. Again, the trial court denied the prosecution's motion because neither of the letters offered by the prosecution as proof of the complainant's unavailability stated that the complainant was physically incapable of appearing in court and testifying. The letter from Ermiger, which the prosecution offered in support of its motion for an adjournment, stated:

-1-

[Complainant] admitted to Heartland Grosse Pointe Woods on 6/14/17 and still remains in the facility for unspecified subluxation of the left knee, subsequent encounter. As of 6/21/17, therapy is targeting her discharge from the facility in 3 weeks.

The letter from Dr. Rahbar similarly stated:

[Complainant] is under my medical care at Heartland Grosse Pointe Woods. She admitted into the facility on 6/14/17 and remains under my care. Her target discharge date is in approximately 3 weeks.

The trial court denied the prosecution's motion for an adjournment based on its belief that the prosecution was required to submit documentation explicitly stating that the complainant was "unable to come to court and cannot testify[.]"[1] This appeal followed.

The prosecution argues that the trial court committed an abuse of discretion when it denied its motion for an adjournment and dismissed the charges against defendant based on the complainant's inability to appear at trial for medical reasons. We agree.

This Court reviews a trial court's ruling on a motion for an adjournment or continuance for an abuse of discretion. *People v Steele*, 283 Mich App 472, 484; 769 NW2d 256 (2009). An abuse of discretion "occurs when the trial court chooses an outcome that is outside the range of reasonable and principled outcomes." *People v Orr*, 275 Mich App 587, 588-589; 739 NW2d 385 (2007).

A motion for an adjournment or continuance must be based on good cause. *People v Jackson*, 467 Mich 272, 276; 650 NW2d 665 (2002). MCR 2.503(C), which governs the granting of an adjournment based on the unavailability of a witness, provides as follows:

(C) Absence of Witness or Evidence

(1) A motion to adjourn a proceeding because of the unavailability of a witness or evidence must be made as soon as possible after ascertaining the facts.

(2) An adjournment may be granted on the ground of unavailability of a witness or evidence only if the court finds that the evidence is material and that diligent efforts have been made to produce the witness or evidence.

(3) If the testimony or the evidence would be admissible in the proceeding, and the adverse party stipulates in writing or on the record that it is to be considered as actually given in the proceeding, there may be no adjournment

---

[1]At the hearing for the motion to adjourn, defense counsel expressly stated that he had no objection to the prosecutor's motion to adjourn.

unless the court deems an adjournment necessary. [*Jackson*, 467 Mich at 276-277, quoting MCR 2.503(C).]

In this case, we find that the prosecution satisfied the requirements of MCR 2.503(C). The prosecution made an effort to obtain proof that the complainant was unavailable for trial as soon as it was informed that she had been admitted to Heartland for inpatient treatment, in accordance with MCR 2.503(C)(1). The prosecution was informed of the complainant's injury on June 21, 2017, and filed its emergency motion for an adjournment on June 23, 2017. Additionally, the complainant's testimony in this case was clearly material as she was the alleged victim in this case. The testimony was especially necessary because defendant waived the preliminary examination, and thus, the complainant had not yet testified regarding the charges against defendant.

We also find that the prosecution made diligent efforts to produce complainant. The trial court made no finding regarding whether the letters procured by the prosecution were evidence that the prosecution had exercised due diligence in attempting to procure the complainant's appearance at trial as required by MCR 2.503(C)(2). Rather, the trial court appeared to be singularly concerned with the absence of wording in the letters from Ermiger and Dr. Rahbar indicating that the complainant was physically incapable of appearing in court to testify. However, the test for whether an adjournment is warranted is only one that requires "good cause and diligence in pursuit" of ensuring a witness's appearance at trial. *People v Daniels*, 311 Mich App 257, 266; 874 NW2d 732 (2015). Thus, the prosecution's effort to obtain documentation showing that the complainant would be in inpatient treatment during the trial date is evidence of the prosecution's due diligence in attempting to secure the complainant's presence at trial. Additionally, the letters that the prosecution submitted to the trial court to explain the complainant's failure to appear sufficiently demonstrated that she was unavailable because she was physically incapable of appearing in court because she was not scheduled to be discharged for three weeks.

The prosecution also argues that the reasonable conclusion to be drawn from Ermiger and Dr. Rahbar's letters was that the complainant was not physically capable of appearing in court to testify on June 28, 2017. We agree.

The complainant could not appear to testify because she was confined to inpatient treatment for approximately three weeks, which placed her discharge date from Heartland in mid-July, well after the June 28, 2017 trial date had passed. The mere absence of the words "cannot testify," or "cannot appear in court," does not diminish the fact that the letters were procured in support of the contention that the prosecution had good cause for requesting a brief adjournment. Furthermore, "[t]he trial court had no reason to expect that [the witness's] cooperation would not continue." *People v Grace*, 258 Mich App 274, 277-278; 671 NW2d 554 (2003). The prosecution explained to the trial court that the complainant would be available once she was released from inpatient treatment in mid-July. There was no evidence that the complainant intended to avoid testifying altogether; rather, she was merely unable to do so for a brief period of time. It was a simple coincidence that the time that the complainant was required to remain in inpatient care coincided with the date that defendant's trial was scheduled to begin. Thus, the prosecution has correctly demonstrated that the trial court's decision to deny the

motion for an adjournment, and dismiss the charges against defendant altogether, constituted an abuse of discretion.

Reversed and remanded for reinstatement of the charges against defendant. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Patrick M. Meter
/s/ Michael J. Riordan