*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

GABRIEL RAPHAEL LEAF,

Defendant-Appellant.

UNPUBLISHED
March 24, 2020

No. 346147
Grand Traverse Circuit Court
LC No. 2017-012814-FH

Before: O'BRIEN, P.J., and GLEICHER and SHAPIRO, JJ.

PER CURIAM.

Defendant pleaded guilty to second-degree criminal sexual conduct (CSC-II), MCL 750.520c (multiple variables), and possession of child sexually abusive material, MCL 750.145c(2), arising from an incident in which he touched and took a picture of a sleeping boy's penis. The trial court abused its discretion in proceeding to sentencing without reviewing defendant's sentencing memorandum and attached exhibits. The court then erred by improperly considering off-the-record information to calculate defendant's score for Offense Variable (OV) 10. Moreover, two weeks after his state-court sentencing, defendant was arraigned in federal district court for offenses used to score OV 12. We remand to allow the trial court to review defendant's sentencing memorandum and attached documents, and to correct any errors in scoring the offense variables, before determining whether resentencing is required.

## I. BACKGROUND

Defendant was a friend of 15-year-old KP's older sister. On August 31, 2018, the victim's family allowed defendant to stay the night and defendant slept in KP's room. Defendant admitted that he squeezed KP's penis while the boy slept and then took a picture of it. Investigating officers found a picture of KP's penis in defendant's phone, along with eight pictures of another child whose penis was exposed.

Based on this conduct, the prosecution charged defendant with making child sexually abusive material, using a computer to commit a crime, and CSC-II. Defendant pleaded guilty to one count of CSC-II and a reduced count of possessing child sexually abusive material in exchange for the prosecution's dismissal of the computer charge.

Defendant's sentencing was scheduled for Friday, April 27, 2018. Defense counsel notified the court that he "didn't get the [presentence information report (PSIR)] until 4:00 on Tuesday." As a result, counsel did not provide the probation department with his sentencing memorandum and reports and letters from defendant's psychologists and others until the day before. Defense counsel asked that sentencing be adjourned to allow him an adequate opportunity to review the PSIR. The prosecutor objected because "[t]he victim and his family are here, his parents have taken off work to be here, we're ready for sentencing." The court took a seven-minute break to investigate the matter. When the proceedings reconvened, the court noted that defense counsel had not filed his sentencing memorandum with the court; the court therefore had not reviewed it. Defense counsel interjected that the delay was attributable to the proabtion agent preparing the PSIR. The agent had secured a two-week adjournment of the sentencing hearing to allow further time to prepare the PSIR. Counsel asserted that he spoke directly to the investigating agent who "indicated . . . what he expected to recommend, and it was something totally different than what was in the report."

The court ultimately ruled:

> We're going to proceed forward with the sentencing and both the prosecution and the victims have rights too. And, all these things, the psychological report, we all know what the charges were, we all know what the facts are, they have been extensively litigated in this case, and [defense counsel] could have produced his memorandum and delivered it to us at any time, and certainly whatever letters came from the psychologist.

The court further noted that information from defendant's psychologist had been incorporated into the PSIR despite that defense counsel had not timely provided an official report to the probation department. Specifically, the agent noted that he had discussed the matter with the psychologist, and had incorporated that information into the PSIR.

Defense counsel then objected to the scoring of OVs 10 and 12. OV 10, predatory conduct, was assessed 15 points. Defense counsel contended that there was no evidence of preoffense conduct directed at the victim. There was no evidence that defendant fostered his relationship with the victim's family in order "to victimize their son." Instead, defendant had been friends with the victim's sister since high school and had slept at the home several times without incident. Counsel continued: "I believe what the probation officer's doing is making an assumption based upon the fact there was apparently more than one individual that resulted in charges against my client. And, again, . . . I think that's a conclusion, it's not supported."

The prosecutor retorted, "Yes, the defendant was friends with a daughter in the family, but he also took his time to specifically befriend her younger brother." The court questioned whether any evidence supported that theory:

> This relationship with the family had gone on for a long time, he commits this offense, but is there anything specifically with respect to this victim . . . other than, I mean, he slept in a twin bed in the boy's room not just that night but apparently on a number of prior occasions? And, so, was there any conduct as part of that relationship that was specifically directly at grooming this boy?

The prosecutor asserted that "defendant actually created a relationship with the victim," "acted as an older brother," and "would actually see him when the older sister wasn't around." This was defendant's "M-O," the prosecutor stated, because he had taken such actions with another victim.

The court again concluded that there was a lack of evidence of predatory conduct directed at this particular victim. "The fact he was friends with the boy, he was friends with the whole family as I understand it, I don't think 15 points is warranted," the court ruled. The prosecutor requested "one minute." During a period of time so brief that it was not marked on the record, the prosecutor apparently spoke to the victim to the side. The following colloquy then ensued:

> *[The Prosecutor]*. Your Honor, this has not been made part of the [PSIR], but it's my understanding at times the defendant would actually tell the victim that, I don't even like [your sister] that much but I come here to hang out with you, they were friends, he let the victim know his purpose in coming here it was coming - -

> *The Court*. Repeat that and how you know that.

> *[The Prosecutor]*. I spoke with the victim.

> *The Court*. He would tell the victim on other occasions that he really didn't like [the sister]?

* * *

> *[The Prosecutor]*. But you're the one I want to hang out with.

> *The Court*. Because he wanted to hang out with [the victim].

> *[Defense Counsel]*. My client denies that statement was made. We're obviously shooting from the hip at the time of sentencing, this is the first time I've heard this, there was nothing in the report to that effect I'm aware of and now we're accepting this as appropriate information for scoring the offense guideline, I don't think it's appropriate. If so, then I think there needs to be some other additional interview of the victim in this case so there was at least something that could be substantiated, or at least can be a part of the record, other than the statement of the prosecutor.

> *The Court*. The prosecutor said she just interviewed the victim and that's what he said.

> *[The Prosecutor]*. That's correct, your Honor.

> *[Defense Counsel]*. She took, what, 30 seconds to go over there and talk?

> *The Court*. That's about right.

> *[The Prosecutor]*. Yes.

*The Court*.  That provides evidence.

And, now, just to make everybody understand, this is a sentencing hearing and rules of evidence don't apply, hearsay is acceptable, that goes to the weight of the evidence.  The victim is here, told the prosecutor this pre-offense conduct occurred, that is sufficiently unusual, it is in fact directed toward grooming for ultimate committing of an offense.  So we'll score it as . . . 15 points as provided in the guidelines.

Defense counsel also objected to the assessment of five points for OV 12, representing that defendant committed "[t]wo contemporaneous felonious criminal acts involving other crimes" within a 24-hour period as directed by MCL 777.42(1)(e).  The prosecutor indicated that the score was supported because defendant committed CSC-II and possessed child sexually abusive material, but also "creat[ed]" child sexually abusive material and used a computer to commit a crime.  A second ground for supporting the score, the prosecutor contended, was that defendant possessed other child sexually abusive pictures on his phone at the time he committed the current offenses, meriting a five-point score under MCL 777.42(1)(d).  The court ultimately upheld the score based on defendant's separate act of possessing sexually abusive images of another child at the time he committed the current offenses.

## II.  ANALYSIS

On appeal, defendant challenges the trial court's denial of his request for an adjournment, as well as the scoring of OVs 10 and 12.

## A. ADJOURNMENT

We review for an abuse of discretion the trial court's denial of defendant's motion to adjourn the sentencing hearing.  *People v Jackson*, 467 Mich 272, 276; 650 NW2d 665 (2002).  A motion for adjournment must be supported by "good cause."  MCR 2.503(B)(1).  " 'Good cause' is not defined by court rule."  *In re Utrera*, 281 Mich App 1, 10; 761 NW2d 253 (2008).  This Court has held, however, "that in order for a trial court to find good cause for an adjournment, 'a legally sufficient or substantial reason' must first be shown."  *Id*. at 11.  In relation to the good cause requirement for a motion to adjourn based on the unavailability of a witness, a trial court must consider " 'whether defendant (1) asserted a constitutional right, (2) had a legitimate reason for asserting the right, (3) had been negligent, and (4) had requested previous adjournments.' "  *People v Coy*, 258 Mich App 1, 18; 669 NW2d 831 (2003), quoting *People v Lawton*, 196 Mich App 341, 348; 492 NW2d 810 (1992).

Defendant established good cause to adjourn the sentencing in this case.  Defendants have a "due process right . . . to be sentenced on the basis of accurate information," *People v Eason*, 435 Mich 228, 239; 458 NW2d 17 (1990), and a concomitant right to notify the court of any perceived inaccuracies.  MCR 6.425(E)(1)(c) requires courts to allow defendants "an opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence."  This court rule governs the right to allocution at sentencing.  *People v Kammeraad*, 307 Mich App 98, 149; 858 NW2d 490 (2014).  It also seemingly governs a criminal defendant's

right to have the sentencing court consider the information presented in his or her sentencing memorandum.

The record is clear that the trial court did not consider defendant's sentencing memorandum, the attached risk assessment prepared by Barbara Cross, or the proffered psychological evaluation prepared by Dr. John Ulrich. The trial court did not excuse defendant's late presentation of his sentencing memorandum and refused to delay the hearing to review the documents before proceeding to sentencing. Proceeding to sentencing without reviewing this highly pertinent information amounts an abuse of discretion.

Defense counsel did not receive a copy of defendant's PSIR until the end of the day two days before defendant's sentencing hearing. Defense counsel indicated that he was surprised by portions of the PSIR as the probation agent had changed his recommendation since their earlier conversation. We acknowledge that MCR 6.425(B) only requires that the court provide the PSIR to the defendant "at a reasonable time, but not less than two business days, before the day of sentencing." However, a two-day review period was not "a reasonable time" in this case. This case involved complicated sentencing matters involving defendant's mental health, potential risk of recidivism, and pending federal charges. Indeed, the probation agent required additional time to fully and accurately investigate and prepare the PSIR. Under the circumstances, the trial court should have at least considered whether more than two days were required to allow "a reasonable time" for the parties to review the completed PSIR.

Accordingly, we remand to the trial court to determine if resentencing is warranted after a complete review of the information available.

## B. OV 10

Defendant also challenges the assessment of 15 points for OV 10. The proper interpretation of the sentencing guidelines is a legal question that we review de novo. *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v Lampe*, 327 Mich App 104, 111; 933 NW2d 314 (2019) (quotation marks and citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

As noted, the court assessed 15 points for OV 10. MCL 777.40 governs the assessment of points for this variable, in relevant part, as follows:

> (1) [OV] 10 is exploitation of a vulnerable victim. Score OV 10 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> (a) Predatory conduct was involved…………………15 points

(b) The offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status……………………………………………………….10 points

\* \* \*

(3) As used in this section:

(a) "Predatory conduct" means preoffense conduct directed at a victim, or a law enforcement officer posing as a potential victim, for the primary purpose of victimization.

(b) "Exploit" means to manipulate a victim for selfish or unethical purposes. Exploit also means to violate . . . MCL 750.50b, for the purpose of manipulating a victim for selfish or unethical purposes. . . .

Defendant pleaded to the charges against him, which limited the record available on which to sentence him. The trial court initially hesitated to assess points for OV 10 because there was no evidence on the record, including in the PSIR, that defendant engaged in preoffense conduct directed toward KP. The only information presented in this regard was the prosecutor's description of a conversation she had with KP off the record. While the rules of evidence do not apply at sentencing, MRE 1101(b)(3), the court must at a minimum consider evidence, whether admissible or not, that is on the record. See *People v McFarlane*, 325 Mich App 507, 535; 926 NW2d 339 (2018) ("[T]he trial court could properly rely on any and all record evidence in sentencing defendant, including the contents of his presentence investigation report."); *People v Armstrong*, 305 Mich App 230, 245; 851 NW2d 856 (2014) ("The trial court may consider all the record evidence when sentencing, including the contents of a presentence investigation report."); *People v Hornsby*, 251 Mich App 462, 468; 650 NW2d 700 (2002) ("A sentencing court has discretion in determining the number of points to be scored, provided that evidence of record adequately supports a particular score.").[1] The prosecutor's personal conversations with a witness are not evidence on the record. Accordingly, the trial court erred in relying on that information when assessing 15 points for OV 10.

However, defendant concedes on appeal that "[a] score of 10 points for exploiting the complainant's age or a domestic relationship or a position of authority would have been the appropriate score." The trial court originally calculated defendant's Total OV Score at 55 points, placing him in OV Level V. Subtracting the difference of five points erroneously scored for OV 10 does not affect defendant's OV Level. As such, this error, standing alone, does not entitle defendant to relief. The scoring error can be corrected on remand.

---

[1] *People v Hornsby*'s analysis of OV 7 was superseded by a statutory amendment, but its discussion of the type of evidence necessary to support an OV score remains true.

## C. OV 12

However, defendant also continues to challenge the assessment of five points for OV 12. Five points are appropriate when the defendant committed "[o]ne contemporaneous felonious criminal act against a person." MCL 777.42(1)(d). "A felonious criminal act is contemporaneous if" it "occurred within 24 hours of the sentencing offense" and "has not and will not result in a separate conviction." MCL 777.42(2)(a).

The crux of defendant's argument is that OV 12 should not have been scored because the other contemporaneous felonious act—possession of sexually abusive pictures of a child not related to this case—is the subject of an ongoing federal case. Defendant did not raise this issue below when challenging the score for OV 12. Instead, in relation to OV 13 (continuing pattern of criminal behavior),[2] defense counsel asserted, "There is [sic] allegations of other offenses that are a part of the [PSIR], unfortunately he's also going to be apparently prosecuted by the US District Attorney in Detroit." The court declined to take that potential prosecution into account, noting there was no guarantee that those charges would proceed toward trial.

Defendant has included with his brief on appeal a docket sheet for the federal district court proceeding, indicating that he was arraigned on the federal charges on May 11, 2018, approximately two weeks after his state court sentencing. This new information is relevant to defendant's state court sentencing and could have been raised below in a timely motion for resentencing. Defendant may present this information on remand to aid the trial court's consideration of whether resentencing is required.

We remand to allow the trial court to consider, consistent with this opinion, whether resentencing is required. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Elizabeth L. Gleicher
/s/ Douglas B. Shapiro

---

[2] While OV 12 takes into account criminal offenses committed within 24 hours of the sentencing offense for which the defendant has not been and will not be convicted, OV 13 may be assessed 25 points when the offense underlying a conviction "was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). All crimes within a five-year period may be considered and "shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a).