*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

TERRANCE D. WOODRUFF,

        Defendant-Appellee.

UNPUBLISHED
July 25, 2024

No. 366550
Wayne Circuit Court
LC No. 22-003249-01-FH

Before: MARKEY, P.J., and BORRELLO and GARRETT, JJ.

PER CURIAM.

Defendant was charged with one count of possession with intent to deliver more than 50 grams, but less than 450 grams, of heroin or fentanyl, MCL 333.7401(2)(a)(*iii*). Defendant moved to suppress evidence of the drugs, and an evidentiary hearing was scheduled on the motion. At the hearing, the key witness involved in the search and seizure of the drugs, Michigan State Police Trooper Benjamin Sonstrom, failed to appear due to an alleged emergency that required Trooper Sonstrom's expertise as a canine handler. The trial court declined to adjourn the hearing, and it thus granted defendant's motions to suppress the evidence and dismiss the charged offense. The prosecution appeals by right. We reverse and remand for further proceedings.

## I. BACKGROUND

Trooper Sonstrom approached defendant on a bus at the Greyhound Bus Station in Detroit. According to Trooper Sonstrom's investigation report, he did so because defendant was observed engaging in "[s]uspicious behaviors. . . ." Trooper Sonstrom made what he described as "consensual contact" with defendant, asking him to step off the bus. Defendant, who appeared to be nervous, complied. Trooper Sonstrom discovered warrants for defendant's arrest, detained him, and then searched his bag after a positive canine sniff indicated the presence of narcotics. A laboratory test confirmed the bag contained 116.5 grams of heroin or fentanyl. Defendant was charged as indicated above.

Defendant moved to suppress the evidence of the drugs seized when he was arrested. In the alternative, defendant asked the trial court to conduct an evidentiary hearing on the suppression issue. Defendant argued that the evidence had to be suppressed and the case dismissed because

the drugs were the fruit of an unreasonable search and seizure. The trial court granted defendant's motion for an evidentiary hearing.

In preparation for the scheduled evidentiary hearing, the prosecutor subpoenaed Trooper Sonstrom and Trooper Chadwick Bloom two weeks before the hearing.[1] There is no dispute that Trooper Sonstrom received the subpoena and understood that he needed to be present at the evidentiary hearing. On the date of the hearing, however, only Trooper Bloom appeared. The prosecutor informed the trial court that she anticipated that Trooper Sonstrom would have provided the bulk of the testimony at the hearing, but he had become unavailable to testify. The prosecutor explained to the trial court that Trooper Sonstrom typically appeared at court hearings, that he had been timely subpoenaed for the hearing, and that he indeed had planned to attend the evidentiary hearing and provide testimony regarding the search and seizure. But, according to the prosecutor, Trooper Sonstrom was absent from the hearing because his presence was needed at an evolving and active public-safety emergency that entailed a barricaded gunman at a house. The prosecutor articulated that Trooper Sonstrom's presence was required at the scene because he was "the only canine trooper available to be . . . there." The prosecutor stated that shortly before the hearing was to begin, Trooper Sonstrom had called Trooper Bloom to explain his absence and "to see if there was any way" that the hearing could be adjourned. The prosecutor was told by Trooper Bloom that Trooper Sonstrom was prepared to do "what he could do to be [t]here" that day. The prosecutor informed the trial court that she was "not able to proceed without [Trooper Sonstrom] for th[e] hearing." Defense counsel asserted that defendant was "ready to proceed" with the hearing and that he would be prejudiced if the motion were not immediately heard.

The trial court found that the prosecution had been diligent in sending "notices" to the witnesses, but it expressed concern about Trooper Sonstrom's subordinating the hearing. The court asked Trooper Bloom to explain Trooper Sonstrom's involvement in the emergency situation.[2] Trooper Bloom stated that Trooper Sonstrom was affiliated with a local Special Weapons and Tactics (SWAT) team and handled tactical-entry canine. Trooper Bloom explained that for safety purposes, certain emergencies require the release of a canine for entry at a home. Trooper Bloom further elaborated that Trooper Sonstrom was part of a statewide emergency team that was sent to apprehend a paroled individual who had shot a male in the back and executed a female. And the unnamed parolee was now barricaded in a home. According to Trooper Bloom, there were resources coming in from all over the state to assist in the apprehension of the barricaded individual. Trooper Bloom indicated that Trooper Sonstrom "prioritized" this employment responsibility over the subpoena to appear at the hearing.

After hearing Trooper Bloom's explanation, the trial court decided to dismiss the charged offense on the basis of Trooper Sonstrom's unavailability. The trial court reasoned: "We have no predictability for the availability of this officer on whether to do a short adjournment or a long adjournment." The trial court further explained that it was "not making an accusation that the

---

[1] The record does not indicate why Trooper Bloom was subpoenaed, and his involvement in the case is unclear.

[2] We note that Trooper Bloom was not placed on the stand to testify under oath; rather, the court informally queried him about the situation.

officer is out at some bar, or location, or blowing this off, but has prioritized, or was put in a position, or ordered to prioritize another work obligation over this one." The trial court also opined that "[t]he Prosecutor's Office can most certainly re-issue this. It is probably to be expected[.]" After an exchange with defense counsel, the trial court clarified that it was granting the motion to suppress the evidence of the drugs. Defendant then formally moved for dismissal of the case, which the court granted. The trial court entered three written orders granting defendant's motions to suppress, to dismiss the charge, and to dismiss the case without prejudice. The prosecution now appeals.

## II. ANALYSIS

The prosecution argues on appeal that the trial court abused its discretion by failing to adjourn the evidentiary hearing. The prosecution contends that an adjournment of the hearing would have promoted the cause of justice. Because an adjournment should have been granted, the prosecution maintains that the trial court erred when it granted defendant's motion to suppress the evidence of the narcotics and the motion to dismiss the charge. We agree.

We review for an abuse of discretion a trial court's decision regarding whether to grant an adjournment or a continuance. *People v Jackson*, 467 Mich 272, 276; 650 NW2d 665 (2002). A trial court abuses its discretion when its decision or ruling falls outside the range of reasonable and principled outcomes. *People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016).

We initially note that defendant argues that the prosecution waived appellate review because the prosecutor below never actually requested an adjournment of the evidentiary hearing. Although the prosecutor did not expressly state that she was requesting an adjournment, she did communicate to the court that Trooper Sonstrom asked whether there was any way to change the time of the hearing. Moreover, the circumstances were such that it was evident that the prosecutor wished an adjournment upon noting that she could not proceed absent testimony by Trooper Sonstrom. And the trial court effectively treated the matter as if an adjournment were requested. We therefore conclude that there was no waiver.

MCR 2.503 provides, in pertinent part, as follows:

(A) Applicability. This rule applies to adjournments of trials, alternative dispute resolution processes, pretrial conferences, and all motion hearings.[3]

(B) Motion or Stipulation for Adjournment.

(1) Unless the court allows otherwise, a request for an adjournment must be by motion or stipulation made in writing or orally in open court and is based on good cause.

---

[3] The relevant provisions of MCR 2.503 apply to criminal cases. See MCR 6.001(D); *Jackson*, 467 Mich at 276-277.

* * *

(C) Absence of Witness or Evidence.

(1) A motion to adjourn a proceeding because of the unavailability of a witness or evidence must be made as soon as possible after ascertaining the facts.

(2) An adjournment may be granted on the ground of unavailability of a witness or evidence only if the court finds that the evidence is material and that diligent efforts have been made to produce the witness or evidence.

* * *

(D) Order for Adjournment; Costs and Conditions.

(1) In its discretion the court may grant an adjournment to promote the cause of justice. . . . .

Accordingly, for our purposes, the prosecutor had to demonstrate that there existed "good cause" for an adjournment, that the request was made as soon as possible after ascertaining that Trooper Sonstrom was unavailable, that the trooper's testimony was material, that diligent efforts were made to produce Trooper Sonstrom, and that an adjournment would have promoted the cause of justice. We conclude that it is beyond peradventure that (1) the prosecutor's request was timely, as it could not have been made earlier in light of the evolving circumstances in regard to the barricaded parolee as communicated to the prosecutor;[4] (2) Trooper Sonstrom's testimony was material with respect to whether there was a constitutional search and seizure given that he alone conducted the search of defendant's bag and handled the canine who detected the presence of drugs; and (3) the prosecutor made diligent efforts to produce Trooper Sonstrom by timely serving him with the subpoena two weeks before the evidentiary hearing, which the trial court itself acknowledged.[5] This leaves us with the issues of "good cause" and the promotion of justice.

We initially note that in *People v Grace*, 258 Mich App 274, 276-277; 671 NW2d 554 (2003), this Court appeared to suggest that "good cause" for an adjournment is established under MCR 2.503(B)(1) when, in the context of a request made because of an absent witness, the criteria in MCR 2.503(C) are satisfied, which were met in the instant case. Nevertheless, we continue with our analysis. In a different context, the Michigan Supreme Court has defined "good cause"

---

[4] The prosecutor told the trial court that she discovered the dilemma involving Trooper Sonstrom 10 to 15 minutes before the hearing was scheduled to begin.

[5] "Denial of a continuance is appropriate where a party fails to demonstrate diligent efforts to serve a subpoena." *Jackson*, 467 Mich at 278. In *Jackson*, our Supreme Court held that "the trial court abused its discretion in denying the [prosecution's] request for a continuance" when a witness failed to appear, considering that he was properly served a subpoena and that the prosecution had no reason to believe that the witness would fail to appear. *Id*. at 279.

-4-

as a "satisfactory, sound or valid reason." *People v Buie*, 491 Mich 294, 319; 817 NW2d 33 (2012) (quotation marks and citation omitted) (defining "good cause" in the context of MCR 6.006[C]).

Here, there was a satisfactory, sound, and valid reason for an adjournment. Indeed, we consider it to be a compelling reason. There existed an emergency situation in which Trooper Sonstrom's skills as a canine handler were required. The trial court did not find otherwise and, in fact, the court accepted Trooper Bloom's explanation of the active event in which Trooper Sonstrom found himself. The trial court reasoned that the trooper improperly prioritized one work obligation—providing canine assistance in an ongoing emergency situation—over another work obligation, providing court testimony in a criminal case in which he was involved. The flaw in the trial court's reasoning is that the court treated the *emergency* as if it were the equivalent of an *ordinary* event in the daily work life of Trooper Sonstrom. The trial court additionally rejected adjourning the evidentiary hearing because it was unknown whether a short or long adjournment was necessary. But there was no exploration whatsoever into how long a delay would be necessary had the hearing been adjourned. The emergency was likely short-lived, hours versus days or weeks, and even had it gone longer, authorities may have been able to procure the assistance of another canine handler. The failed evidentiary hearing was on June 1, 2023, and the trial was not scheduled to start until June 26, 2023, providing more than three weeks in which to hold the evidentiary hearing.

Finally, the promotion of justice would have been served by granting an adjournment. The court's decision allowed defendant to walk away from a serious drug charge absent any substantive determination of innocence or whether the evidence should have been suppressed on constitutional principles.[6] Moreover, the prosecution bore no fault or irresponsibility in respect to the need for an adjournment. Nor can we find any impropriety by Trooper Sonstrom for choosing to assist in confronting the undisputed emergency. In sum, we hold that the trial court's refusal to adjourn the hearing and the concomitant decisions to suppress the evidence and dismiss the case were not reasonable or principled; therefore, the court abused its discretion and the pertinent orders entered by the court are reversed.[7] On remand, the trial court is to schedule an evidentiary hearing on defendant's motion to suppress.

---

[6] Assuming that the court correctly indicated that the prosecution could simply refile the charge and start from scratch without any impact of the court's order suppressing the evidence, justice would not be promoted by the delay caused by having to refile the case; it would not be equitable to the prosecution or defendant.

[7] Defendant presents a cursory argument that MCR 2.506(F)(5) requires us to affirm. MCR 2.506(F)(5) provides that "[i]f a party or an officer, director, or managing agent of a party fails to attend or produce documents or other tangible evidence pursuant to a subpoena or an order to attend without having served written objections, the court may . . . dismiss the action or any part of it[.]" Assuming that this provision is applicable to a criminal proceeding, Trooper Sonstrom was not a party or officer, director, or managing agent of a party. Moreover, a court's decision under MCR 2.506(F)(5) is discretionary because the rule indicates that a court "may" dismiss the case, and we have found an abuse of discretion.

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Stephen L. Borrello
/s/ Kristina Robinson Garrett