*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellant,

v

ISIAH DAVID EVANS,

          Defendant-Appellee.

UNPUBLISHED
December 05, 2025
10:14 AM

No. 371196
Wayne Circuit Court
LC No. 20-001226-02-FH

Before: YATES, P.J., and BOONSTRA and YOUNG, JJ.

PER CURIAM.

After a series of adjournments, the prosecution's essential witness failed to appear on the date scheduled for defendant Isiah David Evans' trial. The trial court dismissed the case without prejudice and the prosecution now appeals as of right. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

Following a search of his home that revealed two bags of suspected drugs, along with distributing and manufacturing paraphernalia, and a handgun, police arrested Evans. He was charged with two counts of drug possession (MCL 333.7403(2)(a)(*iv*)), two counts of manufacturing/delivery of cocaine (MCL 333.7401(2)(a)(*iv*)), and two counts of felony firearm possession (MCL 750.227b).

The trial court held a preliminary examination followed by an arraignment in February 2020. Presumably due to the COVID-19 pandemic delaying the docket, the trial court did not hear the case again until the end of 2020. The prosecution indicated that Evans was charged in a new case, and that both matters may be resolved together when the subsequent case caught up. The parties had a hearing in February 2021 and argued Evans' motion to suppress evidence in May 2021. The trial court then gave the parties two months to negotiate a plea offer. At Evans' request, the final conference set for July 19, 2021, was adjourned. Subsequently, on July 21, 2021, the trial court heard and granted Evans' motion for a new attorney.

Two more final conferences were held in October and November 2021 and an additional conference date was set for January 2022. On January 31, 2022, the trial court held another final

conference where defense counsel asked the court to order the May 17, 2021 suppression hearing transcript. The court obliged. Between January 31, 2022 and the next hearing date, June 9, 2022, the case was reassigned to a different judge. Additional conferences were held in July and September 2022 until the trial court set the trial for March 16, 2023.

Three days before the trial was set to begin, on March 13, 2023, the prosecution asked the trial court for more time to prepare its case. The court granted the request and reset the trial date for two months later.

On April 28, 2023, the trial court held a pre-trial hearing where the prosecution placed a plea offer on the record and argued their MRE 404(b) motion to introduce other-acts evidence at trial. The court denied the motion and allowed the defense time to consider the prosecution's new offer. The prosecutor stated on the record that she would need Evans' response to the plea offer by the following Monday because the witnesses coming for trial on Tuesday were police officers who would need notice if they were not needed to appear for trial.

The following Tuesday, the parties came to court for trial. At that time, the prosecution notified the trial court that "it came to our attention yesterday that a necessary witness, the Forensic Scientist . . . is no longer employed with MSP Lab." The prosecution said it thought it had been in communication with the witness because the emails sent to him were not "being bounced back," and that after an "investigation yesterday in my office, we discovered that he is retired." The prosecution further explained that it was able to reach the forensic scientist's wife and that she "indicated that he is off turkey hunting right now, out of town. . . [and is] unreachable." Without this witness, the prosecution contended it was "unable to prove [our] case beyond a reasonable doubt to a jury." Evans moved for dismissal without prejudice. The court granted the prosecution's request for an adjournment and set the matter for a subsequent final conference one month later.

On June 2, 2023, at the final conference, the prosecution notified the trial court that it had not received the retested lab report back. The court set a new trial date for about a year later, in April 2024. On April 29, 2024, the prosecution told the court that "one of the main witnesses in this case," Corporal Nichols, was scheduled to have surgery that day and was therefore unable to testify at trial. Corporal Nichols, the prosecution explained, recovered the narcotics and associated paraphernalia from Evans' bedroom and was an important witness to its case. In its argument for adjournment, the prosecution reasoned:

> I did request an adjournment on that date, as soon as I found out. I do believe it is good cause for an adjournment considering [] surgery. You cannot really control when you have surgery. Obviously, it was a scheduled surgery; however, he cannot be here today, and is definitely required by the People to [prove] our case beyond a reasonable doubt.
>
> In addition to that, I believe there are two other witnesses who are unavailable, and have scheduled time off today, as well. They are two endorsed witnesses. Corporal Donaldson, who is also a main witness, I was informed this morning is under the weather, is sick.

In response, Evans moved to dismiss. The trial court stated it was "inclined to dismiss" because "[t]his trial date has been set for a quite a while" and a dismissal would be without prejudice. In its argument for adjournment and against dismissal, the prosecution only stated that if the trial court did dismiss, it would either "re-issue[] today . . . [or] end up appealing."

The trial court ultimately dismissed the charges without prejudice and the prosecution now appeals by right. For the reasons set forth below, we affirm.

## II. ANALYSIS

On appeal, the prosecution is pursuing a specific basis for adjournment that was not presented to the trial court, namely, that an adjournment should have been granted because it diligently served its material witness with a subpoena and he failed to appear. "We review unpreserved errors for plain error affecting substantial rights." *People v Chelmicki*, 305 Mich App 58, 62; 850 NW2d 612 (2014). We review a trial court's decision whether to grant an adjournment for an abuse of discretion. *People v Williams*, 386 Mich 565, 571-572; 194 NW2d 337 (1972). See also, MCR 2.503(D)(1) ("In its discretion, the court may grant an adjournment to promote the cause of justice.").

A party's motion for an adjournment must be based on good cause. *People v Jackson*, 467 Mich 272, 276; 650 NW2d 665 (2002), citing MCR 2.503(B)(1). Where a motion is based on the unavailability of a witness or evidence, the trial court may grant the motion only where the evidence is material and diligent efforts were made to produce the witness or evidence. MCR 2.503(C)(2); *Jackson*, 467 Mich at 276-277.

The prosecution argues that the trial court abused its discretion when it denied its request for adjournment because the court was timely informed of the unavailability of a material witness. The prosecution further argues that the trial court abused its discretion in denying its request for an adjournment where a subpoena was properly served, but the witness failed to appear.

In *Jackson*, 467 Mich at 277-279, the case on which the prosecution relies, our Supreme Court held that the trial court abused its discretion in denying the prosecution's motion to adjourn trial. The Court held that the trial court did not articulate a clear basis for its decision, and the subpoenaed witness previously cooperated with the police and prosecution, so there was no reason to expect that the cooperation would not continue. *Jackson*, 467 Mich at 279. Contrary to the prosecution's argument on appeal, the *Jackson* Court did not hold that by issuing a subpoena, a party has per se made diligent efforts under the law. Rather, the Court found that where a witness has been subpoenaed, has a record of responsiveness, and has given no indication of an absence, the trial court abuses its discretion in denying a continuance because there is little more a prosecutor could do. *Id.* at 273. Those circumstances are not presented here.

In this case, the prosecution identified Corporal Nichols as a key witness in its case, but did not argue to the trial court that Nichols was served with a subpoena. Even if the trial court should have known that Nichols was subpoenaed, the prosecution did not argue that a subpoena alone made up diligent efforts to produce the witness and warranted an adjournment. The prosecution did not offer any evidence of due diligence, stating only that a surgery was good cause.

-3-

But the prosecution's sole rationale—that the witness was scheduled for surgery—undermines any claim that it acted with diligence. The cause of Corporal Nichols' absence seemingly would have been known well in advance of the day of a surgical procedure. Further, the context of the request is important here: the prosecution's request for an adjournment came after already lengthy pretrial delays, including time it had previously requested to locate witnesses—delays that afforded ample opportunity to exercise diligence with all witnesses.

Accordingly, the trial court did not abuse its discretion in denying the prosecution's request for an adjournment on the day scheduled for trial and thus, also did not plainly err.

## III. CONCLUSION

Where the prosecution requests adjournment on the scheduled trial date because of the absence of its essential witness and fails to present any evidence of diligence, the trial court does not abuse its discretion in denying that request—particularly when the request follows a series of prior adjournments. Affirmed.

/s/ Christopher P. Yates
/s/ Mark T. Boonstra
/s/ Adrienne N. Young