*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 22, 2023

Plaintiff-Appellee,

v

No. 358593
Berrien Circuit Court
LC No. 2020-004052-FH

ARTURO GRANADOS,

Defendant-Appellant.

Before: CAMERON, P.J., and MURRAY and GADOLA, JJ.

PER CURIAM.

A jury convicted defendant, Arturo Granados, of delivering or manufacturing a controlled substance (methamphetamine), MCL 333.7401(2)(b)(*i*); possession of a firearm by a felon (felon-in-possession), MCL 750.224f(1); possession of ammunition by a felon, MCL 750.224f(6); maintaining a drug house, MCL 333.7405(1)(d); delivering or manufacturing a nonnarcotic, Schedule 1, 2, or 3 controlled substance, MCL 333.7401(2)(b)(*ii*); three counts of possession of a controlled substance, MCL 333.7403(2)(b)(*ii*); stealing, or retaining without consent, a financial transaction device, MCL 750.157n(1); possessing a firearm during the commission of a felony (felony-firearm), MCL 750.227b; and possession of LSD or a Schedule 5 controlled substance, MCL 333.7403(2)(c). The jury acquitted defendant of one count of felony-firearm. Defendant appeals his convictions as of right, arguing that the trial court abused its discretion by admitting certain evidence and by denying his request for an adjournment to allow his counsel of choice to prepare for trial. Defendant also raises several claims of ineffective assistance of counsel. Finding no error requiring reversal, we affirm.

## I. FACTS

Defendant was on probation for a prior felony conviction of identity theft. After receiving several tips that defendant might have been selling drugs out of his house, defendant's probation officer, the chief of police of Coloma Township, and three police officers executed a probation search of defendant's house. As a result of the search police seized baggies containing crystal methamphetamine, LSD, tins containing unknown pills, psychedelic mushrooms, a handgun and ammunition, a number of credit and debit cards, and various paraphernalia for using and packaging

-1-

drugs. The latter included needles, glass pipes, a funnel, a digital scale, Epsom salt, and baggies. Many of these items were found in three portable safes in defendant's bedroom. The house had an operable camera security system with six monitors in the bedroom.

At one point during the search, defendant was placed in the backseat of a squad car. When the police chief went to the car to tell defendant what was going on, defendant blurted out that he would take credit for everything they found, all of it was his. Forensic analysis confirmed that the substances seized included methamphetamine, LSD, Xanax, ketamine, marijuana, psilocybin mushrooms, and amphetamine.

Defendant was arrested and initially charged with four counts: (1) possession with intent to deliver methamphetamine, (2) felon-in-possession, (3) felony-firearm in connection with possession with intent to deliver methamphetamine, and (4) maintaining a drug house. The prosecution made a plea offer before the preliminary examination. In exchange for defendant's plea to possession with intent to deliver methamphetamine and felon-in-possession, the prosecution: would dismiss the remaining charges; would not bring additional charges for possession of ketamine, amphetamine, Xanax, and a financial transaction device, and possession with the intent to deliver LSD; and would not seek a habitual-offender enhancement. Defendant rejected the offer. Defendant was bound over to the circuit court, and the matter proceeded to trial. Defendant was convicted on all counts with the exception of one count of felony-firearm.

## II. ADMISSION OF DEBIT CARD EVIDENCE

Defendant first argues that the trial court violated his right to due process by admitting evidence under MRE 404(b) without the prosecutor having filed a timely notice or provided good cause for not filing such notice. Defendant further argues that the debit card evidence was more unfairly prejudicial than probative and thus should not have been admitted under MRE 403. He also asserts that defense counsel's failure to object to admission of the evidence constituted ineffective assistance of counsel. We disagree with the premise of defendant's claim of error and with his claim of ineffective assistance of counsel.

### A. MRE 404(B)

We review a trial court's decision whether to admit evidence, including other-acts evidence, for an abuse of discretion. *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67 (2010). "An abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes." *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017) (quotation marks and citation omitted). The standard of review for preserved, nonconstitutional error is derived from MCL 769.26, which provides:

> No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice.

Evidence of other crimes, wrongs, or acts under MRE 404(b) is admissible if it is offered for a purpose other than propensity, it is relevant, and the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *People v VanderVliet*, 444 Mich 52, 55, 65; 508 NW2d 114 (1993). Even relevant evidence may be excluded if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403.

The evidence at issue is a number of cards—credit cards, debit cards, and other sorts of cards—that police seized from defendant's house. At the start of the first day of trial, defense counsel objected to the admission of any financial transaction device uncovered during the search of defendant's home, as it would be inadmissible other-acts evidence under MRE 404(b). The prosecutor replied that these cards were not other-acts evidence but were probative evidence that defendant was delivering/manufacturing controlled substances. The prosecutor expected that there would be testimony that the types of cards found were "commonly used in identity theft crimes" and "as payment for drug use." The trial court initially ruled that, because the cards were not relevant to the financial transaction device charge,[1] but to a separate, uncharged act, they were MRE 404(b) evidence and the prosecution should have filed an MRE 404(b) notice. The court said that it might reconsider its ruling after it heard Berrien County Sherriff's Detective Shawn Yech's testimony. Until then, the cards were inadmissible and the prosecution was not to mention them.

The trial court revisited the issue on the second day of trial. After the prosecutor's direct examination of Detective Yech, the trial court excused the jury from the courtroom and heard testimony from the detective about how credit cards, debit cards, and other electronic means of payment were increasingly being used to pay for drugs. After disallowing a number of cards that were neither credit nor debit cards, the court allowed the prosecution to introduce into evidence, over defense counsel's objections, three debit cards. Defendant's probation officer testified that he found the debit cards in defendant's desk drawer. Detective Yech was then recalled to testify in front of the jury as to the increasing use of debit cards in purchasing drugs. The trial court did not expressly reverse its earlier ruling that the cards fell under MRE 404(b) after hearing Detective Yech's testimony. However, by allowing the jury to hear Detective Yech's testimony and the prosecution to introduce the cards into evidence as examples of electronic means of paying for drugs, the trial court impliedly reversed its ruling, at least with respect to these three cards.

The debit cards were not evidence of other crimes, wrongs, or acts under MRE 404(b), but rather indirect evidence that defendant was delivering/manufacturing a controlled substance. The testimony of defendant's probation officer and the testimony of Detective Yech established that these cards were in fact found in defendant's bedroom. Therefore, there was a proper foundation for the admission of the cards. Furthermore, the cards were relevant to the charge of

---

[1] The charge for stealing, or retaining without consent, a financial transaction device rested on a credit card taken from an unattended wallet defendant found in a gas station convenience store. These cards were not admitted into evidence at defendant's trial because they had already been returned to their owner. Instead, the owner of the wallet testified about the incident.

delivering/manufacturing a controlled substance. The debit cards did not bear defendant's name and were found in his bedroom where other evidence of drug dealing was found. A reasonable jury could conclude that defendant obtained these cards as payment for drugs. Lastly, the probative value of the cards was not substantially outweighed by the danger of unfair prejudice. While a reasonable jury could also conclude that defendant stole these cards (considering he was also facing a charge of stealing a financial transaction device) the testimony at trial clearly indicates that these cards were admitted for the purpose of establishing an element of delivering/manufacturing a controlled substance when the prosecution did not have direct evidence of defendant selling methamphetamine. Therefore, the trial court did not err in admitting the debit cards into evidence.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues in the alternative that defense counsel provided ineffective assistance by failing to object to the cards' admission. Whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Because defendant did not raise his claims of ineffective assistance of counsel before the trial court, our review is limited to mistakes apparent on the record.[2] See *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). We review de novo questions of constitutional law. See *LeBlanc*, 465 Mich at 579.

To establish ineffective assistance of counsel, the defendant first must show that defense counsel's performance fell below an objective standard of reasonableness. *People v White*, 331 Mich App 144, 149; 951 NW2d 106 (2020); *Strickland v Washington*, 466 US 668, 688; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Second, the defendant must establish prejudice by showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *White*, 331 Mich App at 149; *Strickland*, 466 US at 694. The reviewing court should not substitute its judgement for that of counsel on matters of trial strategy or use the benefit of hindsight when assessing counsel's competence. *People v Unger*, 279 Mich App 210, 242-243; 749 NW2d 272 (2008).

Contrary to defendant's assertion, the record shows that defense counsel objected to admission of the debit cards three times. Defendant also asserts that defense counsel rendered ineffective assistance by not requesting a limiting instruction. Considering that the cards were little more than cumulative evidence, given the quantity of drugs, drug paraphernalia, drug packaging materials, and other evidence of drug distribution, and seeing that the prosecutor made only glancing reference to the cards in his closing argument, it would not be unreasonable for defense counsel to have decided not to seek a limiting instruction in order not to draw attention to the evidence. For the same reasons, defendant has not shown that, but for defense counsel's failure

---

[2] Defendant raised this issue for the first time in a motion to remand. This Court denied the motion to remand. *People v Granados*, unpublished order of the Court of Appeals, entered November 29, 2022 (Docket No. 358593).

to request a limiting instruction, there would have been a reasonable probability of a different outcome.

## III. ADJOURNMENT

Defendant next contends that the trial court violated his Sixth Amendment right to have his counsel of choice by denying his request for an adjournment to allow time for his newly retained counsel to prepare for trial. We disagree. Because this issue comes to us unpreserved, our review is for plain error affecting a defendant's substantial rights. See *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). An error that is plain, or obvious, affects substantial rights if it affected the outcome of the proceedings, and it either resulted in the conviction of an innocent person or seriously affected the fairness, integrity, or public reputation of the proceedings. *People v Jones*, 468 Mich 345, 355; 662 NW2d 376 (2003).

Every criminal defendant has a constitutionally guaranteed right to the assistance of counsel in a criminal proceeding. US Const, Am VI; Const 1963, art 1, § 20; *People v Russell*, 471 Mich 182, 187-188; 684 NW2d 745 (2004). This right encompasses a defendant's right to choice of counsel. *People v Aceval*, 282 Mich App 379, 386; 764 NW2d 285 (2009). However, the right to counsel of choice is not absolute; a court must balance the defendant's right to choice of counsel against the public's interest in the prompt and efficient administration of justice. *Id*. at 387.

A request for an adjournment of trial must be made by motion, stipulation in writing, or orally in open court and must be based on good cause. MCR 2.503. "Good cause factors include whether defendant (1) asserted a constitutional right, (2) had a legitimate reason for asserting the right, (3) had been negligent, and (4) had requested previous adjournments." *People v Coy*, 258 Mich App 1, 18; 669 NW2d 831 (2003) (quotation marks and citation omitted). Even with good cause, "the trial court's denial of a request for an adjournment or continuance is not grounds for reversal unless the defendant demonstrates prejudice as a result of the abuse of discretion." *Id*. at 18-19. However, "the desire of the trial courts to expedite court dockets is not a sufficient reason to deny an otherwise proper request for a continuance." *People v Jackson*, 467 Mich 272, 279 n 7; 650 NW2d 665 (2002).

On the first day of trial, defendant and his newly retained counsel, Jeffrey Perlman, went to the courthouse in St. Joseph instead of the courthouse in Niles where trial was to be held. Perlman called the trial court and spoke to the bailiff, telling him that he was seeking to represent defendant. The court conveyed to counsel, through the bailiff, that the court would allow Perlman to substitute for defendant's current counsel if he was prepared to start trial that day. Perlman did not appear at trial.

There is no record evidence of defendant or Perlman moving the trial court for an adjournment. Perlman asserted in an affidavit submitted with defendant's brief to this Court that it was unnecessary for him to drive to the correct courthouse because the trial court would not grant an adjournment. This assertion appears to be based not on the trial court's denial of an actual motion for adjournment, but on the trial court's statement that it would not allow Perlman to substitute unless he was prepared for trial. It cannot be said that Perlman's call to the courthouse

constituted a proper request for an adjournment when it was not made on the record, in a motion, or in a written stipulation. See MCR 2.503.

Although a trial court's docket is an important consideration when determining whether to grant a late-requested adjournment, the law is clear that it is "not a sufficient reason to deny an otherwise proper request for a continuance." *Jackson*, 467 Mich at 279 n 7. It is reasonable to assume that the trial court would have considered a properly supported motion for adjournment rather than, as defendant assumes, simply invoked the necessity of getting through its docket. Neither defendant nor Perlman gave the trial court the opportunity to balance the defendant's right to choice of counsel against the public's interest in the prompt and efficient administration of justice, see *Aceval*, 282 Mich App at 386-387, because neither presented the trial court with any good cause factors to weigh. Absent a properly supported motion to adjourn, it cannot be said that the trial court plainly erred by proceeding with the trial. Because defendant never asserted his right to counsel of choice in the trial court, defendant's claim that he was denied his Sixth Amendment right to counsel of choice fails.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant further asserts that he received ineffective assistance of counsel during plea negotiations and when defense counsel revealed to the jury that he had been convicted of identity theft and was on probation. Defendant argues that defense counsel did not understand the plea offer and gave him bad advice during the plea negotiation process. Consequently, he lacked the information necessary to make an informed plea. We disagree.

As already indicated, whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. *LeBlanc*, 465 Mich at 579. The trial court's factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo. *Id.* "Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Anderson*, 284 Mich App 11, 13; 772 NW2d 792 (2009) (quotation marks and citation omitted).

"Defendants are entitled to the effective assistance of counsel when considering or negotiating a plea agreement." *White*, 331 Mich App at 148. Effective assistance of counsel is presumed and the defendant bears a heavy burden of proving otherwise. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). To establish ineffective assistance of counsel in the context of plea negotiations, a defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *White*, 331 Mich App at 149. The defendant bears the burden of establishing the factual predicate of his ineffective assistance claim. *Id*. at 148.

The record in the present case does not support defendant's claim of error. The trial court informed defendant at the preliminary examination of the initial charges against him and of the maximum penalties for those charges. Although the trial court did not state that any sentence imposed for possession with the intent to deliver was subject to a habitual-offender enhancement, this was communicated to defendant when the prosecutor put the plea offer on the record and stated, among other things, that if defendant pleaded to possession of methamphetamine with the

intent to deliver and felon-in-possession, the prosecution would not seek a habitual-offender enhancement. Defendant affirmatively stated that defense counsel discussed the plea offer with him. Defendant did not express any lack of understanding about the meaning of the plea offer or ask for more time to discuss the matter with counsel. He rejected the offer and stated that he understood that the offer was off the table once the preliminary examination began. At the sentencing hearing, defendant asserted that he would have accepted the prosecution's plea offer had his attorney explained it in more detail.

Presuming the effective assistance of counsel, see *Rockey*, 237 Mich App at 76, and reviewing defendant's claim for errors apparent on the record alone, see *Heft*, 299 Mich App at 80, we conclude that defendant has not established the factual predicate of his ineffective assistance claim, see *White*, 331 Mich App at 148. Nor has defendant made an offer of proof on appeal or attached an affidavit stating what bad advice he received from defense counsel or what facts he would present at an evidentiary hearing. Generally, a party may not expand the record on appeal. *People v Powell*, 235 Mich App 557, 561 n 4; 599 NW2d 499 (1999). Defendant was required to submit an "affidavit or offer of proof regarding the facts to be established at a hearing" in support of his motion to remand. MCR 7.211(C)(1). Had he submitted such an affidavit or other proof, this Court would have considered it in deciding whether to remand for an evidentiary hearing. See *People v Traver*, 316 Mich App 588, 602; 894 NW2d 89 (2016).

With no errors apparent on the record, and defendant having failed to submit an affidavit or offer of proof regarding the facts to be established at a hearing, defendant has not overcome the presumption of effective assistance or shown that there are any facts requiring further development at an evidentiary hearing.

Defendant next argues that defense counsel rendered ineffective assistance by not moving to suppress the fact of defendant's prior conviction and his probationary status by stipulating to the admission of that information, and by bringing up the information in her opening statement and closing argument. Defendant asserts that there were no strategic reasons to allow the jury to hear about defendant's prior conviction of identity theft.

The presumption of competent representation requires courts to affirmatively consider the range of possible reasons for the act or omission. *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012). Defense counsel's decision to allow the jury to know that defendant's prior felony conviction was for identity theft could conceivably be considered sound trial strategy under the circumstances. See *People v Toma*, 462 Mich 281, 302; 613 NW2d 694 (2000).

Defendant was charged with one count of being a felon in possession of a firearm and one count of being a felon in possession of ammunition. Thus, the prosecution had to prove that defendant was a convicted felon. On the first day of trial, defense counsel stipulated that defendant was a felon. The circuit court then asked defense counsel, "…it's an identity theft. It's not like he was convicted of murder, so I don't know if you care that much if they know what it is?" To which defense counsel responded "no".

As the circuit court alluded, naming the identity of the prior felony conviction prevented the jury from wondering if the conviction involved a firearm, violence, or drugs. Admitting the nature of the felony allowed defense counsel to state plausibly that defendant was not hiding from

his previous conviction.  Similarly, telling the jury that defendant had received a sentence of one year of probation for identity theft, after the trial court had already informed the jury that identity theft was a "felony punishable by imprisonment of four or more years," arguably implied that defendant's offense had been relatively minor.  Most important, revealing defendant's probation status was necessary to explain the search of his house.  Therefore, defense counsel's stipulation to defendant's felon and probation status did not constitute ineffective assistance of counsel.

Revealing defendant's probation status also allowed defense counsel to elicit testimony from defendant's probation officer that he never had reason to drug test defendant during defendant's probation, and that defendant's probation record had been clean until the search that resulted in the current charges.  In light of these sound strategic reasons for defense counsel's decision to stipulate to the identity of the prior conviction and to refer to defendant's probation status, we conclude that defendant has not overcome the presumption that counsel's action constituted sound trial strategy.

Affirmed.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Michael F. Gadola